UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NATHANIEL M., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-CV-00237-LEW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

The matter is before the Court on the Defendant Commissioner's Objection to the United States Magistrate Judge's Report and Recommended Decision (ECF No. 25). The Magistrate Judge concluded that the Administrative Law Judge's treatment of a January 2019 psychological evaluation did "not withstand scrutiny" in connection with a claim seeking benefits based on an alleged onset date in February 2019. (*Id.* at 8.) Although the ALJ discussed the evaluation, neither of the nonexamining consultant physicians considered it despite its close temporal proximity to the alleged period of disability. Furthermore, both of the nonexamining consultants assessed that Plaintiff had no medically determinable mental impairment while observing that the record they reviewed lacked any evidence of a vocationally significant finding pertaining to Plaintiff's mental capacity for work activity. Their findings in that regard, from a lay perspective, appear to be incongruous with the conclusions recorded in the recent psychological evaluation they did not consider.

I have reviewed and considered the Commissioner's arguments and recognize that there are good reasons why medical reports contained in records of earlier adjudicated claims ending

with a not disabled finding would tend to have, as a general rule, diminished relevance for later-filed disability applications involving new alleged onset dates. However, I am not persuaded that there is a categorical rule in play such that each case should not be evaluated on its own merit and must instead conform to a ruling issued in a prior case involving a different person with a different medical and vocational presentation. Although freewheeling revisitation of medical reports considered in the context of previously denied applications would undermine efficiency and should be discouraged, it might also be said that categorical disregard of probative and near-contemporaneous medical records based on a claim preclusion rationale or a lay person's say so is overly technical and may (or perhaps may not) blink reality in the context of a particular applicant's circumstances.

Based on a de novo review of all matters adjudicated by the Recommended Decision, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is AFFIRMED and ADOPTED. The Commissioner's decision is VACATED and the matter is REMANDED for proceedings consistent with the decision.

**SO ORDERED.**

Dated this 2nd day of October, 2023.

        /s/ Lance E. Walker
        UNITED STATES DISTRICT JUDGE